# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| RACHAL S. SANDERS,<br><br>    Plaintiff,<br><br>vs.<br><br>NEVADA DEPARTMENT OF CORRECTIONS,<br><br>    Defendant. | Case No. 2:13-cv-01336-APG-PAL<br><br>**ORDER** |

      Plaintiff, who is a prisoner in the custody of the Nevada Department of Corrections, has submitted an application to proceed *in forma pauperis* (Dkt. #1) and a civil rights complaint pursuant to 42 U.S.C. § 1983. The court will defer ruling upon the application. The court has reviewed the complaint, and plaintiff will need to file an amended complaint.

      When a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam).

> more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if ittenders "naked assertion[s]" devoid of "further factual enhancement." . . .
>
> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (citations omitted).

Plaintiff alleges that she provided information about a sexual relationship between another inmate and a correctional officer at her prison. She further alleges that the information should have remained confidential, but instead the information and her name were printed in the local newspaper. She then was placed into solitary confinement. After her release from solitary confinement, she has been subject to verbal and physical abuse.

The only defendant, the Nevada Department of Corrections, cannot be sued in a § 1983 action. Section 1983 states, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .
> (emphasis added)

The State of Nevada is not a person for the purposes of § 1983, and thus cannot be a defendant. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). The Nevada Department of Corrections is an arm of the state. It is not a person for the purposes of § 1983, and thus cannot be a defendant. *Id.* at 70.

The court will give plaintiff the opportunity to amend the complaint to allege claims against people who can be defendants. These will be people who have had personal knowledge or involvement in the events that she has alleged. Plaintiff should note that she cannot sue supervisors simply because they are supervisors. "A supervisor may be liable if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between

simply because they are supervisors. "A supervisor may be liable if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989). If plaintiff does name supervisors, she will need to allege facts that satisfy the requirements of *Hansen*.

**IT IS THEREFORE ORDERED** that a decision on the application to proceed *in forma pauperis* (Dkt. #1) is **DEFERRED**.

**IT IS FURTHER ORDERED** that the clerk of the court shall file the complaint.

**IT IS FURTHER ORDERED** that the complaint is **DISMISSED** for failure to state a claim upon which relief can be granted, with leave to amend. The clerk shall send to plaintiff a civil rights complaint form with instructions. Plaintiff will have thirty (30) days from the date that this order is entered to submit her amended complaint, if she believes that she can correct the noted deficiencies. Failure to comply with this order will result in the dismissal of this action.

**IT IS FURTHER ORDERED** that plaintiff shall clearly title the amended complaint as such by placing the word "AMENDED" immediately above "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983" on page 1 in the caption, and plaintiff shall place the case number, 2:13-cv-01336-APG-PAL, above the word "AMENDED."

DATED:   December 19, 2013.

_____
ANDREW P. GORDON
United States District Judge

-3-