UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RACHAL S. SANDERS,<br><br>  Plaintiff,<br><br>v.<br><br>JAMES COX, et al.,<br><br>  Defendants. | Case No. 2:13-cv-01336-APG-PAL<br><br>ORDER DENYING PLAINTIFF'S (1) MOTION TO ENFORCE SETTLEMENT AGREEMENT, (2) MOTION FOR DAMAGES FOR BREACH OF CONTRACT, AND (3) DENYING AS MOOT DEFENDANTS' MOTION TO STRIKE<br><br>(Dkt. #26, #29, #30) |

In October 2014, an Early Mediation Conference was conducted in this case and the parties reached a settlement. (Dkt. #12.) The parties executed a settlement agreement (the "Settlement Agreement") and the case was dismissed. (Dkt. #16, #17.) Shortly thereafter, plaintiff Rachal Sanders filed her first motion to enforce the Settlement Agreement, claiming that the defendants did not correctly aggregate her consecutive sentences as required under the Settlement Agreement. (Dkt. #18.) Sanders withdrew her motion in December 2014, stating that all terms of the Settlement Agreement had been met. (Dkt. #24.)

A few months later, Sanders filed her second motion to enforce the Settlement Agreement, again stating that the aggregation of her sentence has been done incorrectly. (Dkt. #26.) She thereafter filed a motion for damages due to breach of the Settlement Agreement, claiming that the defendants breached the agreement by filing motions for extension of time to respond to Sanders' second motion to enforce. (Dkt. #29.) Sanders claims that because of these alleged breaches, she experienced undue stress which caused her to use a cell phone in violation of Nevada Department of Correction's ("NDOC") rules, and that this violation resulted in her being transferred from the Casa Grande Transitional Housing Facility ("Casa Grande") back to the Florence McClure Women's Correctional Facility ("Florence"). (*Id.*)

The defendants respond to Sanders' motion to enforce the Settlement Agreement by arguing that the relief Sanders seeks is not a contractual term in the Settlement Agreement and therefore her motion must be denied. (Dkt. #30 at 5.) They state that the Settlement Agreement specifies only that Sanders' sentence would be aggregated, but it neither sets out specific dates nor guarantees Sanders' satisfaction with the aggregation calculation. (*Id.*)

With regard to Sanders' motion for damages due to breach of the Settlement Agreement, the defendants respond that filing motions for extension of time are not breaches of the Settlement Agreement because the Settlement Agreement does not bar such motions. (*Id.* at 5-6.) They further argue that there is no legal claim for relief based on Sanders being so "stressed out" that she broke Casa Grande's rules and was therefore sent back to Florence. (*Id.* at 6.)

I deny Sanders' motions to enforce the Settlement Agreement and for damages. The Settlement Agreement states, in relevant part, that "[t]he NDOC agrees that SANDERS'S sentence will be aggregated based on her current aggregation application." (Dkt. #30-1 at 5.) In her motion to enforce, Sanders does not claim that her sentence was not aggregated; rather she claims that the aggregation dates used for the calculation are incorrect and therefore the calculation is wrong. However, the Settlement Agreement does not state how Sanders' sentence will be aggregated or what dates will be used.[1] Therefore, because neither the method for aggregation nor the dates to be used are contractual terms of the Settlement Agreement, her motion to enforce the Settlement Agreement is denied. Any disagreement Sanders has with how the aggregation has been performed should be presented to the proper authorities within NDOC.

Moreover, the filing of motions to extend the time to respond is not a breach of the Settlement Agreement.[2] There is no term in the Settlement Agreement which either references, or specifically prohibits, the defendants filing such a motion. Therefore, Sanders' motion for

---

[1] Even if it had, Sanders' motion does not state what she believes to be the correct dates, or how this correction would affect the aggregation calculation.

[2] Furthermore, whether to grant or deny a motion to extend time is within my discretion. *See In re Lavender*, 180 F.3d 1114, 1118 (9th Cir. 1999) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)) (Federal courts have an inherent "traditional power to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.").

damages due to a breach of the Settlement Agreement must be denied because she has not shown that the defendants breached any of the Settlement Agreement's terms.

IT IS THEREFORE ORDERED that Sanders' motion to enforce the Settlement Agreement **(Dkt. #26)** and motion for damages due to breach of the Settlement Agreement **(Dkt. #29) are DENIED.**

IT IS FURTHER ORDERED that the defendants' motion to strike **(Dkt. #30) is DENIED AS MOOT.**

DATED this 9th day of February, 2016.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE